# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JASON GOODE,
  *Plaintiff,*

  v.

HELENA MORRIS,
  *Defendant.*

No. 3:22-cv-1016 (VAB)

## INITIAL REVIEW ORDER

Jason Goode ("Plaintiff") has filed an Amended Complaint *pro se* under 42 U.S.C.

§ 1983 against Nurse Helena Morris ("Nurse Morris"). Am. Compl., ECF No. 25. Mr. Goode is

serving a prison sentence in the custody of the Connecticut Department of Correction ("DOC"),

and his claims arise from the mental health treatment he has received during his incarceration.

Nurse Morris is a psychiatric nurse responsible for Mr. Goode's mental health treatment. The

Amended Complaint asserts that Nurse Morris violated Mr. Goode's federally protected rights

by discontinuing his psychiatric medication.

For the reasons set forth below, the Complaint is **DISMISSED** in part.

The Court will allow Mr. Goode to proceed on his Eighth Amendment claim against

Nurse Morris.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Preliminarily, the Court notes that Nurse Morris has already responded to some of the

Amended Complaint's claims through an affidavit submitted in response to a show cause order.

*See* Morris Aff., ECF No. 18-1. But the Court does not consider the facts asserted in Nurse

Morris's affidavit for the purpose of evaluating whether Mr. Goode has plausibly pled violations

of his federal rights. *See Dehaney v. Chagnon*, No. 3:17-cv-00308 (JAM), 2017 WL 2661624, at

*3 (D. Conn. June 20, 2017) ("When conducting an initial review pursuant to 28 U.S.C.

§ 1915A(b), a court "must accept as true all factual matters alleged in a complaint.").

Mr. Goode has allegeedly been diagnosed with a range of mental health conditions,

among them anti-social personality disorder and intermittent explosive disorder ("IED"). Am.

Compl. ¶ 6. As a result of these conditions, he is allegedly prone to verbal outbursts and other

inappropriate reactions in his social interactions. *Id.* ¶ 6.

In 2018 or 2019, Mr. Goode was allegedly prescribed Seroquel by a DOC nurse for his

IED condition. *Id.* ¶ 7. He alleges that this medication was effective in treating—or at least

mitigating the effects of—his mental illness. *Id.* ¶¶ 12–13. Nonetheless, Mr. Goode allegedly

continued to experience mental health symptoms while taking Seroquel. *Id.* ¶ 9. These problems

were allegedly caused or exacerbated by Mr. Goode's lengthy placement in solitary confinement.

*Id.*

On April 12, 2022, Mr. Goode allegedly consulted with Nurse Morris about his

medications. *Id.* ¶ 8. When asked how he was functioning with Seroquel, Mr. Goode allegedly

suggested that the drug was a placebo. *Id.* ¶¶ 7–8. According to the Amended Complaint, Nurse

Morris "snapped" that she did not agree and permanently discontinued Mr. Goode's Seroquel

prescription. *Id.* ¶ 10. Mr. Goode allegedly objected to the discontinuation of his medication, but

to no avail. *Id.*

Since the discontinuation of Mr. Goode's Seroquel prescription, Nurse Morris allegedly

has not prescribed an alternative medication to address his IED condition. *Id.* ¶ 12. Without

proper medication, Mr. Goode has allegedly engaged in acts of self-harm and assaultive

2

behavior. *Id.* ¶ 12. This conduct, in turn, has allegedly resulted in authorities charging Mr. Goode with criminal and disciplinary offenses. *Id.*

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's complaint must "possess enough heft to sho[w] that the pleader is entitled to relief" and allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 557, 570 (internal quotation marks omitted). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, this

factual content "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *id.* at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted). Further, complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III.   DISCUSSION

### A.  Causes of Action

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person who, while acting under the color of state law, deprives an individual of federally or constitutionally protected rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Mr. Goode brings two § 1983 claims. *Id.* ¶¶ 1, 13–16. First, he asserts that Nurse Morris violated his Eighth Amendment rights through her deliberate indifference to his need for psychiatric medication. *Id.* ¶ 13. Second, he claims that Nurse Morris violated his rights under the

Americans with Disabilities Act ("ADA") and the Rehabilitation Act through her non-provision of adequate mental health services. *Id.* ¶¶ 14–16.

The Court will permit Mr. Goode's Eighth Amendment deliberate indifference claim to proceed for further development of the record. Construing its allegations in the light most favorable to Mr. Goode, the Amended Complaint plausibly alleges that Nurse Morris discontinued Mr. Goode's psychiatric medication for arbitrary or capricious reasons while knowing that her decision would have adverse consequences for Mr. Goode's mental health. This conduct and intent, if proved, would support a finding that Nurse Morris violated Mr. Goode's Eighth Amendment rights. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' in violation of the Eight Amendment and that such deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs"); *Young v. Choinski*, 15 F. Supp. 3d 172, 184 (D. Conn. 2014) ("As there is no sound underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart, the deliberate indifference standard of *Estelle v. Gamble* is equally applicable to the constitutional adequacy of psychological or psychiatric care provided at a prison." (internal quotation marks, brackets, and citations omitted)).

The Court will dismiss Mr. Goode's claim for violations of the ADA and the Rehabilitation Act. To adequately plead a claim under these statutes, an inmate-plaintiff must allege "that his or her mistreatment was motivated by either discriminatory animus or ill will due to disability." *Elbert v. New York State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 594 (S.D.N.Y. 2010) (internal quotation marks omitted); *Wright v. New York State Dep't of Corr.*,

831 F.3d 64, 72 (2d Cir. 2016) (recognizing that the standards guiding analysis of ADA and Rehabilitation Act claims are "generally the same" with only "subtle distinctions"). In his current pleading, Mr. Goode makes no specific allegation of discriminatory motive, and he therefore has not plausibly alleged a claim under the ADA or the Rehabilitation Act. *See Elbert*, 751 F. Supp. 2d at 595.

### B. Relief

To remedy the alleged violations of his Eighth Amendment rights, Mr. Goode seeks monetary damages and injunctive relief. Am. Compl. at 8–10, ¶¶ A–G. He makes four specific requests for injunctive relief. First, he seeks an order requiring Nurse Morris to recommence his psychiatric medication. *Id.* at 8, ¶ A. Second, he seeks an order requiring Nurse Morris to recommend or order his release from solitary confinement. *Id.* at 9, ¶ D. Third, he seeks an order restoring goodtime credit that he lost due to disciplinary infractions that he committed while unmedicated. *Id.* at 9, ¶ F. Fourth, he seeks an order requiring Nurse Morris to order the return of electronic entertainment devices that were taken from him upon his admission to the restricted housing unit. *Id.* at 10, ¶ G.

Only Plaintiff's first request for injunctive relief (an order requiring Nurse Morris to recommence his psychiatric medication) is both related to his Eighth Amendment cause of action and within Nurse Morris's authority to provide. *See Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 103 (2d Cir. 2018) (holding that a plaintiff has standing to seek injunctive relief only if "a favorable decision by a court will redress the injury"). All other requests for injunctive relief are dismissed.

**ORDERS**

The Court enters the following orders:

(1)      Plaintiff's ADA and Rehabilitation Act claims are **DISMISSED** under 28 U.S.C.

§ 1915A(b)(1).

(2)      Aside from his request for an order compelling Nurse Morris to recommence

psychiatric medication, Plaintiff's requests for injunctive relief are **DISMISSED** under 28

U.S.C. § 1915A(b)(1).

(3)      Plaintiff may **PROCEED** on his Eighth Amendment deliberate indifference

claim. To the extent Plaintiff seeks monetary relief, he may proceed against Nurse Morris in her

individual capacity. To the extent Plaintiff seeks injunctive relief, he may proceed against Nurse

Morris in her official capacity.

(4)      If Plaintiff believes there are additional facts he can allege that will overcome any

of the deficiencies identified in this ruling, then he may file a proposed Second Amended

Complaint by **June 9, 2023**.

(5)      The Clerk of Court shall verify the current work address of Nurse Morris and mail

a copy of the Complaint, this Order, and a waiver of service of process request packet to Nurse

Morris in her individual capacity at her confirmed address. By **June 2, 2023**, the Clerk of Court

shall report to the Court on the status of the request. If Nurse Morris fails to return the waiver

request, the Clerk shall arrange for in-person service by the U.S. Marshals Service and Nurse

Morris shall be required to pay the costs of such service in accordance with Federal Rule of Civil

Procedure 4(d).

(6)     The Clerk of Court shall prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshal is directed to effect service of the Complaint on Nurse Morris at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, by **April 19, 2023** and to file a return of service by **June 2, 2023**.

(7)     Nurse Morris shall file her response to the Complaint, either an Answer or motion to dismiss, by **August 4, 2023**. If Nurse Morris chooses to file an Answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. She may also include any and all additional defenses permitted by the Federal Rules.

(8)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **December 8, 2023**. Discovery requests need not be filed with the Court.

(9)     All motions for summary judgment shall be filed by **January 19, 2024**.

(10)    If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) 2 provides that Plaintiff MUST notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. Plaintiff should also notify Defendant or the attorney for Defendant of his new address.

(11)    The Clerk of Court shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy of the Standing Order to the parties.

(12)    The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and to the Department of Correction Legal Affairs Unit.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of April, 2023.

/s/
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE